```
               UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF ALABAMA
                     WESTERN DIVISION
```

FILED
01 JAN 11 AM 8:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

MARY FRANCES BELL and        )
Charlie Faye Wilson,         )
                             )
        Plaintiffs,          )
                             )
vs.                          )    Civil Action No. CV 99-S-2884-W
                             )
WEYERHAEUSER COMPANY and     )
LEN COLEMAN, et al.,         )
                             )
        Defendants.          )

ENTERED
JAN 11 2001

## MEMORANDUM OPINION

This action is before the court on defendants' motion for summary judgment (doc. no. 8). Upon consideration of the pleadings, briefs, and evidentiary submissions, this court concludes the motion is due to be denied.

### I. FACTS

This is a breach of contract case. Plaintiffs, Mary Frances Bell and Charlie Faye Wilson, are owners of standing timber located on a 76 acre tract of land located in Sumter County, Alabama. Plaintiffs employed the services of Larry Gibson of Gibson Forest Management, Inc., a forest management company for private landowners, to solicit and accept bids for the sale of their timber.[1]

Defendant Len Coleman, acting as agent for defendant Weyerhaeuser Company, submitted a sealed bid for the purchase of

---

[1] The record does not reflect the date upon which Gibson and his company were so employed by plaintiffs.



plaintiffs' timber on March 26, 1999. The amount offered was $313,871.00. Coleman was present as the bids were opened at Gibson's office, and the amount of each bid announced. When this process was completed, Weyerhaeuser's bid proved to be the highest; indeed, it was some $91,000 greater than the next highest. After Larry Gibson contacted plaintiffs and informed them of the bid results, he telephoned Coleman (within an hour of Coleman leaving Gibson's office), and informed him that plaintiffs had accepted Weyerhaeuser's bid.

Approximately one week later, Coleman contacted Larry Gibson and attempted to withdraw the bid. Coleman explained that L & L Forestry Services, a company contracted by Weyerhaeuser to estimate the volume of timber, had overestimated plaintiffs' tract of land. Coleman stated that this error made a $100,000 difference in the amount which should have been bid. Coleman said that, despite this mistake, Weyerhaeuser was willing to match the second highest bid. Gibson informed Coleman that he doubted plaintiffs would accept his proposal and, in fact, plaintiffs never did.

Defendants argue that they are entitled to summary judgment on two grounds: plaintiffs failed to comply with Alabama's Statute of Frauds; and, plaintiffs never made a valid acceptance of the bid.

2

## II. DISCUSSION

### A.   Alabama's Statute of Frauds

Defendants' brief contends that "there was no written acceptance of Defendants' bid between the parties for the sale of standing timber, as required by the Statute of Frauds."[2] Under Alabama Code § 8-9-2 (1975), certain agreements are void unless evidenced by a writing. This statute provides in part:

> In the following cases, every agreement is void unless such agreement or <u>some note or memorandum thereof</u> expressing the consideration is in writing <u>and subscribed by the party to be charged</u>, <u>or some other person by him thereunto lawfully authorized in writing</u>:
>
> ...
>
> (5) Every contract for the sale of lands ... or of any interest therein.... [Emphasis supplied.]

"A sale of standing timber is a sale of an interest in lands within the meaning of the statute of frauds." *King v. Earley*, 274 Ala. 116, 121, 145 So. 2d 831, 836 (1962).

Defendants are mistaken, however, when contending that there must be a <u>written acceptance</u> of their bid for the statute to be satisfied. "The Statute of Frauds does not require a formal or complete contract; rather a <u>note or memorandum containing the essential elements</u> of the agreement, <u>signed by the party to be charged</u> is sufficient." *Wilma Corp. v. Fleming Foods of Alabama,*

---

[2] Defendants' brief in support of motion for summary judgment (doc. no. 8), at 5.

3

*Inc.*, 613 So. 2d 359, 362 (Ala. 1993) (emphasis added).

Here, the bid subscribed by Coleman as undisputed agent of Weyerhaeuser satisfies the Statute.[3] The written offer to purchase the timber in question contains the suggested consideration and is signed by Coleman on behalf of Weyerhaeuser. This satisfies the Statute of Frauds which requires only "a written statement of the essential elements ... so that the establishment of a contract is not left to oral evidence." *Bunch v. Garner*, 94 So. 114 (Ala. 1922) (quoting source omitted).

### B. Plaintiffs' Acceptance of the Bid

Defendants contend that a week following the bid, Gibson informed Coleman that Weyerhaeuser was the high bidder. At this time, defendants assert, "Gibson [also] informed Coleman for the first time, that before plaintiffs could close on the sale, they had to form a limited partnership" and that Weyerhaeuser would not be able to proceed with title work until such partnership was formed.[4] Defendants claim that event constituted a material alteration of the terms of the solicitation of bids and, hence, was a rejection of Weyerhaeuser's bid and a counter-offer. The facts regarding this issue are vigorously contested, however. In addition to testifying that the bid of defendants' was accepted on

---

[3] Plaintiffs' brief in opposition to motion for summary judgment (doc. no. 12), Exhibit B (Bid).

[4] Defendants' brief in support of motion for summary judgment (doc. no. 8), at 2.

4

the <u>same day</u> that the bids were opened,[5] Gibson stated that:

> At no time did I tell Len Coleman or anyone that there would be a delay because the Plaintiffs were forming a limited partnership or any other type of corporation. I did not tell Mr. Coleman that a delay was necessary for any circumstance. I did not verbally add any other parties, terms or conditions to the written prospectus that the Defendants based their bid upon. In fact, I questioned Mr. Coleman as to when Weyerhaeuser would be ready to close on the property, and he stated to me as soon as the title work was completed they would be ready to close.[6]

This question of material fact precludes summary judgment on this issue.

### III. CONCLUSION

Based on the foregoing, this court concludes that defendants' motion for summary judgment is due to be denied. An appropriate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 10th day of January, 2001.

_____
United States District Judge

---

[5] Plaintiffs' brief in opposition to motion for summary judgment (doc. no. 12), Exhibit A (Gibson affidavit), ¶ 5.

[6] *Id.*, ¶ 6.